EDSON BAXTER v. D. L. YEAGLEY AND B. R. DAVIS,
*as Sheriff of Marion County, Kansas.*

### No. 312.

1. SHERIFFS — *Appointment of Deputy — Service of Process.*
When the sheriff deputizes a person to do a particular act the
appointment must be in writing, and if the appointment is to
serve a summons the authority must be indorsed on the writ.

2. ————— *Process from Justice's Court— Service.* The section
of the statutes which provides that a sheriff shall serve and return
process issued by a justice "in the same manner as provided for
in cases where the same is issued to the constable" does not de-
termine the manner in which said sheriff may appoint his depu-
ties.

Error from Marion district court; FRANK DOSTER,
judge.   Opinion filed March 20, 1899.   Reversed.

*Keller & Dean,* for plaintiff in error.

*Carpenter & Ketchum,* for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J.: This is an action for an injunc-
tion, brought by Baxter in the district court of Marion
county, to restrain Yeagley and B. R. Davis, the
sheriff of the county, from selling certain personal
property.   Baxter had brought an action in justice's
court against one Charles Waddell, in which a judg-
ment was rendered in his favor.   An execution was
issued thereon and levied on the personal property in
controversy.   After the commencement of Baxter's
action, but before judgment was rendered therein,
Yeagley, this defendant in error, commenced an ac-
tion against said Waddell before the same justice of
the peace and caused an order of attachment to be
issued therein which was delivered to the defendant in
error Davis, as sheriff, to serve.   Davis, having other

42—8 KAN. APP.

official business to perform, gave the papers to one D. F. Myers, stating to him : "I hereby specially appoint you to serve the summons in this case and the order of attachment upon Charles Waddell." And thereupon the sheriff orally administered an oath to the said Myers to act as his deputy for the purpose of serving the summons and order of attachment. Myers proceeded to serve the summons and order and to levy the attachment on the property in controversy and to summon and swear the appraisers, making out the inventory and return as "deputy sheriff specially appointed to serve the within writ." Judgment was rendered by default in favor of Yeagley in the action, and the sheriff was proceeding to sell the property.

The appointment of Myers by the sheriff. was not indorsed on either of the writs, nor made in writing, nor was the return of either writ verified. The levy of Baxter was made subsequent to the attachment of Yeagley and on the.same property, and this action was brought to enjoin the sale thereof by the sheriff by virtue of the attachment. A temporary writ was issued, which upon the hearing was dissolved. Baxter brings the case here for review.

As we view this case, the only question necessary to be determined is the authority of Myers to serve the writs. This involves an examination of the authority of sheriffs to appoint persons to do particular acts. Section 5 of chapter 88, General Statutes of 1897 (Gen. Stat. 1889, ¶ 1763), among other things contains the following · language : "And persons may also be deputed by such sheriff or under-sheriff in writing to do particular acts." Section 62, chapter 95 (Gen. Stat. 1889, ¶ 4142), provides :

"The summons shall be served by the officer to whom it is directed, who shall indorse on the original

writ the time and manner of service.   It may be also
served by any person not a party to the action, ap-
pointed by the officer to whom it is directed.   The
authority of such person shall be indorsed on the writ.
When the writ is served by a person appointed by the
officer to whom it is directed, or when the service is
made out of the state, the return shall be verified by
oath or affirmation.''

These are the only sections of the statute which we
find or have been referred to which authorize a sheriff
to appoint a deputy to do special or particular acts in
civil cases.   Assuming that the sheriff has only such
powers as are delegated to him by the statute, we
must hold that when he deputizes a person to do a
particular act the appointment must be in writing,
and if the appointment is to serve a summons, the
authority must be indorsed on the writ.   The author-
ity not appearing on the summons, Waddell was not
summoned, and needed not to appear; in fact, he did
not appear, and judgment was rendered by default.
The justice obtained no jurisdiction of his person, and
the judgment is void.

It is contended by the defendant in error that the
appointment by a sheriff of a special deputy to serve
process issuing from a justice's court is governed by
the statute allowing constables to appoint deputies.
Section 30, chapter 103, General Statutes of 1897,
(Gen. Stat. 1889, ¶ 5061), provides as follows:

''All process provided for by this act may be di-
rected to the sheriff of the county, in the discretion of
the justice, and be by the sheriff served and returned
in the same manner as provided for in cases where the
same is issued to the constable.''

The authority of constables to appoint deputies is,
contained in section 3, chapter 105, General Statutes

of 1897 (Gen. Stat. 1889, ¶ 5031), which reads as follows :

"All constables shall be ministerial officers in justice's courts in their respective counties, and civil and criminal process may be executed by them throughout the county, under the restrictions and provisions of the law. They may appoint one or more deputies, who may perform the same duties as their principals, and such principals shall be responsible on their official bonds for the acts of such deputies."

We need not determine the manner in which constables may appoint deputies. Section 30, chapter 103, *supra*, provides that the sheriff shall serve and return process in the same manner as provided for in cases where the same is issued to the constable. This has no reference to the manner in which he appoints his deputies.

Section 31, following (Gen. Stat. 1889, ¶ 4858), explains fully what is meant by the manner and time of service and return. It must be served at least three days before the time of appearance, in the following manner : "By delivering a copy of the summons, with the indorsements thereon, . . . or leaving the same at his usual place of residence." It is returnable not more than twelve days from its date in some cases and not more that thirty days in others. It is not necessary to determine the effect of the failure of Myers to verify his return.

The judgment of the district court is reversed, and the case remanded with instructions to grant the injunction.